# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HARRISON FRANKLIN,
LOUIS DELPHIE, and
WAYNE HART,

      Plaintiffs,

  v.                                       Case No. 05-C-916

DAVID BETH,
OFFICER ROGER,
NURSE DALE,
CAPTAIN PRESTON,
OFFICER SHIMKUS,
VISITING NURSE'S ASSOCIATION,
JOHN DOE 1-50,
JOHN DOE 1-50, and
SGT. JOHNSON,

      Defendants.

## ORDER

Harrison Franklin, Louis Delphie and Wayne Hart filed a joint complaint alleging that various officials at Kenosha County Jail violated their rights under federal law. Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), and the Seventh Circuit's holding in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), each plaintiff is required to pay the statutory filing fee of $250.00. This matter comes before the court upon Franklin and Delphie's motions for leave to proceed *in forma pauperis*.[1]

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account

---

[1] Plaintiff Hart paid the full filing fee of $250 on August 26, 2005.

or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. *Id.* No payment is required in months when the prisoner's preceding month's income is $10.00 or less. *Id.*

In this case, plaintiff Franklin filed a certified copy of his prisoner trust account statement for the four-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the four-month period immediately preceding the filing of the instant complaint, the average monthly deposit to the plaintiff's prison account was $22.14 and the average monthly balance to the account was $9.90. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Franklin is required to pay an initial partial filing fee of $4.43.

Plaintiff Delphie filed a certified copy of his prisoner trust account statement for the five-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the five-month period immediately preceding the filing of the instant complaint, the average monthly deposit to the plaintiff's prison account was $86.80 and the average monthly balance to the account was $70.31. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Delphie is required to pay an initial partial filing fee of $17.36.

Plaintiffs Franklin and Delphie shall forward their respective filing fees to the clerk of this court within 21 days of the date of this order. Either plaintiff's failure to pay his initial partial

filing fee within the specified time period will result in his dismissal from this action.

**Notice to all plaintiffs**: Please be aware that 28 U.S.C. § 1915(g) creates a "three strikes" rule. This means that if a prisoner files three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, that prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Further, each plaintiff is advised that pursuant to *Boriboune*, each plaintiff will be held legally responsible for the complaint and other filings made in the case on his behalf, and the representations made in those filings. *See* Fed. R. Civ. P. 11. Accordingly, each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if such sanctions are found to be warranted in any aspect of the case. *Id*. at 854-55. Similarly, the "strike rule," about which the plaintiffs were previously advised, will apply to "all claims in the complaint, whether or not they concern" an individual plaintiff personally. *Id*. at 855. Thus, each plaintiff stands to incur a strike pursuant to 28 U.S.C. § 1915(g) if the action is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. *Id*.

If you believe you may incur a "strike" under § 1915(g) when the merits of this case are addressed at a later stage of this litigation, and you want to avoid that possibility, you may notify the clerk of court in writing within 21 days of the date of this order, stating that you do not wish to continue with this action. If the court receives such notification, this case will be dismissed without prejudice, without your incurring a "strike" under § 1915(g), and without your paying the filing fee as previously set forth.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that within 21 days of the date of this order, the plaintiffs shall forward to the clerk of court their respective initial partial filing fees,

as outlined above.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 9th day of February, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**