# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HARRISON FRANKLIN,
and WAYNE HART,

                Plaintiffs,

          -vs-                              Case No.   05-C-0916

DAVID BETH, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiffs Harrison Franklin and Wayne Hart filed this joint *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By order of May 19, 2006, the plaintiffs were allowed to proceed *in forma pauperis* on various constitutional claims. This matter comes before the court on the following matters: (1) the plaintiffs' motion for reconsideration; (2) the plaintiffs' three motions to appoint counsel; (3) the plaintiffs' motion for sanctions; (4) the defendants' motion to dismiss; and (5) the defendants' motion to compel. All applications will be addressed herein.

**I. Plaintiffs Motion for Reconsideration, Motions for Appointment of Counsel and Motion for Sanctions.**

Currently pending are five motions filed on behalf of both plaintiffs. Federal Rule of Civil Procedure 11 provides, in pertinent part,

> (a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

As applied to multiple prisoner litigation, Rule 11 requires the signatures of all unrepresented plaintiffs on every pleading and motion. *See Bouriborne v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (explaining that under Rule 11, all unrepresented prisoners who are litigating jointly are required to sign the complaint).

The plaintiffs' motion for reconsideration, motions to appoint counsel and motion for sanctions were filed by plaintiffs Franklin and Hart. Careful review of these motions indicates that they were filed on behalf of, and seek relief for, both of the plaintiffs. For example, the June 6, 2006, motion for appointment of counsel seeks representation for "the above captioned plaintiffs." (June 6, 2006, Mot. to Appoint at 1). However, the June 6 and September 8, 2006, motions to appoint counsel as well as the motion for reconsideration and motion for sanctions were signed only by plaintiff Franklin. The October 4, 2006, motion to appoint counsel was signed only by plaintiff Hart. For this reason alone, the plaintiffs' motion for reconsideration, motions to appoint counsel and motion for sanctions should be denied. However, denial of the plaintiffs' motions is further warranted for the reasons set forth below.

2

### A. Motion for Reconsideration

On June 6, 2006, the plaintiffs filed a motion for reconsideration of the May 19, 2006, screening order. Inasmuch as the plaintiffs seek to revisit a non-final order adjudicating fewer than all of the claims in this action, the court construes the plaintiffs' request as a motion for reconsideration pursuant to Rule 54(b), Federal Rules of Civil Procedure. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any non-final decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In the present case, the plaintiffs have not presented newly discovered evidence nor have they shown that the court's May 19, 2006, Decision and Order contained a manifest error of law. Rather, the plaintiff's maintain that the court should reconsider its dismissal of

3

certain of their claims and allow them to "cure the deficiencies of the complaint by amendment." *See* Pls.' Reply Brief to Mot. for Reconsideration, 2. Therefore, the plaintiffs' motion for reconsideration will be denied.

The court notes that, according to the representations in their motion and material in support thereof, the plaintiffs wish to supplement the complaint with additional facts in order to cure the deficiencies of their original pleading. Some of these facts, if accepted as true, may alter the May 19, 2006, screening order. For this reason, the plaintiffs shall be granted leave to file an amended complaint which includes the new allegations set forth in their motion for reconsideration. If the plaintiffs wish to file an amended complaint, they must do so within 20 days of the date of this order. However, any amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." As set forth in Civil Local Rule 15.1 (E.D. Wis.), the amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See also Duda v. Board of Ed. of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such circumstances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (citations omitted). If the plaintiffs file an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A.

4

**B. Motions to Appoint Counsel**

The plaintiffs filed motions for appointment of counsel on June 6, September 8, and October 4, 2006. As grounds for their requests, the plaintiffs state: (1) they are indigent; (2) they lack formal legal training; (3) Waupun Correctional Institution (WCI) will not allow them to work together on this case; (4) they cannot conduct discovery due to security concerns; (5) the legal issues in this case are complex;(6) it is difficult to perform legal research due to WCI's law library schedule; (7) plaintiff Franklin cannot present arguments on behalf of plaintiff Hart; and (8) the plaintiffs will not be able to conduct discovery due to security concerns. (Pls.'June 6, 2006 Mot. to Appoint at 1 - 2).

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel,* 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiffs have made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If plaintiffs have made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

In this case, plaintiff Hart does not indicate what efforts, if any, he has made to secure counsel. Meanwhile, plaintiff Franklin states in his motion that he has attempted to obtain legal counsel on his own. However, he has not provided any documentation of his efforts. The plaintiffs should have provided the court with the names and addresses of

5

counsel they have contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Contrary to their assertions, the plaintiffs' filings thus far indicate that they are capable of litigating this case themselves. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiffs' requests for the appointment of counsel will be denied.

### C. Motion for Sanctions

As previously noted, the defendants have filed a motion to dismiss plaintiff Hart for failing to notify the court and the remaining parties of his current address. In response to that motion, the plaintiffs requested that the defendants be sanctioned for filing the motion to dismiss. They argue that sanctions are warranted for a number of reasons: (1) plaintiff Hart did not give the defendants a false address as the defendants claim; (2) the defendants should have known that plaintiff Hart was incarcerated and where he was confined; (3) the defendants lied under oath; and (4) defendants brought the motion solely to "bully" them.

The plaintiffs do not cite to the rule pursuant to which they are bringing their request for sanctions.[1] Presumably, they seek sanctions under Rule 11(b) of the Federal Rules of Civil Procedure which provides in relevant part:

---

[1] Plaintiffs' failure to cite to such a rule provides an independent basis on which to deny the motion. *See* Civ. L.R. 7.1(a) (E.D. Wis.).

6

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

Fed. R. Civ. P. 11(b)(1) & (2).

The rule further provides that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Under Rule 11, sanctions may "consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.* The "central goal" of Rule 11 is deterrence. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990).

When sanctions are requested by a party's motion, Rule 11(c)(1)(A) requires that two procedures be followed. First, the motion for sanctions must be made "separately from other motions or requests and [must] describe the specific conduct alleged to violate (b)." Fed. R. Civ. P. 11(c)(1)(A). If a court permits a motion for sanctions to be made in

7

conjunction with another motion, it is considered an abuse of discretion. *See Corley v. Rosewood Care center, Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998). Second, to facilitate deterrence, parties must comply with the so-called "warning shot" provision which requires a party to wait twenty-one days after serving a motion for sanctions on the opposing party before it may file that motion with the court. *See* Fed. R. Civ. P. 11(c)(1)(A); *KnowledgeAZ, Inc. v. Jim Walter Resources, Inc.*, 452 F. Supp. 882, 890 (S.D. Ind. 2006).

The plaintiffs did not comply with either of these two requirements. The plaintiffs did not file a separate motion for sanctions but instead included their request in their response brief to defendants' motion to dismiss. Further, there is no evidence in the record establishing that plaintiffs served the defendants with their request for sanctions twenty-one days before filing it with the court.

The plaintiffs' failure to satisfy the plain requirements of Rule 11 is fatal to their motion for sanctions. *See e.g. Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) (Rule 11 sanctions on motion of a party require at least substantial compliance with the warning notice requirement); *Corley*, 142 F.3d at 1058 (sanctions under Rule 11 would be improper where rule's procedural requirements have not been followed). Hence, plaintiffs' motion for sanctions will be denied.

**II. Defendants' Motion to Dismiss**

On August 16, 2006, the defendants filed a motion to dismiss plaintiff Hart for failing to prosecute this action pursuant to Fed.R.Civ.P. 41(b) and Civil L.R. 41.3 (E.D.

8

Wis.). As grounds for their request, the defendants state that Hart failed to notify them as to his change of address. Moreover, mail from the defendants to Hart was returned as undeliverable on July 11, July 24 and July 25, 2006.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled in this circuit that "the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (2003) (internal citations omitted); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). "Ordinary misconduct, [] can be punished by dismissal only after a warning *and* after the judge determines that dismissal is an appropriate sanction in the circumstances." *Bolt*, 227 F.3d at 856 (emphasis in original) (citing *Kovilic Construction Co. v. Missbrenner*, 106 F.3d 768, 773 (7th Cir. 1997); *see also Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006) (as a general rule, judges should warn litigants before dismissing a case for failure to prosecute but whether they do so remains within their discretion). In determining whether dismissal is an appropriate sanction, the judge is obligated to consider "the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit . . . ." *Bolt*, 227 F.3d at 856 (citing *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993) and *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853 , 857 (7th Cir. 1998)).

9

A review of the docket in this case reveals that the defendants were served with a copy of the complaint on July 11, 2006. On July 11, July 24 and July 25, 2006, mail sent to plaintiff Hart was returned as undeliverable. Thus, on August 15, 2006, the defendants filed a motion to dismiss Hart for failure to prosecute. Shortly thereafter, on August 24, 2006, Hart filed a notice of change of address with the court.

Based on the foregoing, it is not clear that there is a record of delay or contumacious conduct on the part of plaintiff Hart. Specifically, it appears that mail sent to Hart was returned undeliverable on three occasions during a two month time span. Additionally, the plaintiff filed a notice of change of address shortly after the defendants filed their motion to dismiss. While the court does not condone Hart's failure to alert the defendants and the court to his new address, his actions while careless do not justify his dismissal. *See Bolt*, 227 F.3d at 856-857 (dismissal not warranted where there is no prejudice to the defendants and plaintiff's failure to respond timely was not egregious).

Moreover, the court is not persuaded that plaintiff Hart was adequately warned that failure to update his address would result in dismissal of his claims. The defendants assert that dismissal is warranted because Hart was notified by court order that failure to inform the court of his address could result in dismissal of this action. In support of their proposition, they cite this court's May 19, 2006, order which provides that

> Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk's Office of any changes of address. Failure to do so could result

10

> in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

(Order of May 19, 2006, at 26). Although it may have been clear to an attorney that this language provides for dismissal for lack of prosecution, it does not provide the type of explicit warning that the plaintiff is entitled to in these circumstances. See *Bolt*, 227 F.3d at 856.

For all of the above reasons, the defendants' motion to dismiss will be denied.

## III. Defendants' Motion to Compel

On December 12, 2006, the defendants filed a motion to compel the plaintiffs to respond to the defendants' September 18, 2006, interrogatories and requests for production of documents. Plaintiff Franklin filed a response to the defendants' motion on December 21, 2006. However, no response has been filed on behalf of plaintiff Hart. In light of the circumstances, the court will permit Hart an additional twenty days in which to file a response to the defendants' motion to compel. The defendants may then file a reply to any response filed by Hart.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for reconsideration (Doc. # 13) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiffs are granted leave to file an amended complaint within 20 days of the date of this order.

**IT IS FURTHER ORDERED** that the plaintiffs' June 6, 2006, motion to appoint counsel (Doc. # 14) is **denied.**

11

**IT IS FURTHER ORDERED** that the plaintiffs' September 8, 2006, motion to appoint counsel (Doc. # 44) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiffs' October 4, 2006, motion to appoint counsel (Doc. # 47) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiffs' motion for sanctions (Doc. # 39) is **denied.**

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (Doc. # 34) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff Hart must file a response to the defendants' motion to compel within 20 days of the date of this order.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**