# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**HARRISON FRANKLIN,**
**and WAYNE HART,**

                                        **Plaintiffs,**


        **-vs-**                                        **Case No.    05-C-0916**

**DAVID BETH, et al.,**

                                        **Defendants.**

---

## DECISION AND ORDER

---

Plaintiffs Harrison Franklin and Wayne Hart, who are presently confined at the

Waupun Correctional Institution (WCI), filed this joint *pro se* civil rights action pursuant to

42 U.S.C. § 1983.  After screening the complaint as required by 28 U.S.C. § 1915A(a), the

court determined that the plaintiffs' complaint sufficiently stated a number of constitutional

claims.  *Franklin v. Beth*, Case No. 05-C-916 (May 18, 2006).  This case comes before the

court on the following matters: (1) the plaintiffs' amended complaint; (2) the plaintiffs'

motion to appoint counsel; and (3) the defendants' motion to compel.  All of these matters

will be addressed herein.

### I.    Plaintiffs' Amended Complaint

        By order of May 18, 2006, the court determined that the plaintiffs' original

complaint sufficiently stated the following claims: (1) equal protection claims based on

punishment and denial of legal books; (2) conditions of confinement claims relating to the denial of recreation, exposure to extreme temperatures and constant illumination resulting in sleep deprivation; (3) denial of medical care claims relating to plaintiff Hart's eye-glass needs and plaintiff Frankilin's treatment needs for nerve damage in his hands and feet; (4) due process claims pertaining to deprivations of property and liberty; (5) a First Amendment claim regarding the plaintiffs' legal mail; and (6) a claim that the plaintiffs were denied the opportunity to practice their religious beliefs in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc.[1]

The court also determined that the following claims were legally or factually deficient: (1) conditions of confinement claims relating to being forced to eat food that had been on a dirty floor or food described as "cat food sandwiches" and not being provided with clean sheets and uniforms; (2) a claim that plaintiff Hart was not allowed to receive his medications from the Veterans' Administration; (3) a claim that excessive force was used against plaintiff Franklin; (4) a failure to protect claim; (5) plaintiff Franklin's claim that he was forced to receive a diabetic diet in violation of his due process rights; (6) an access to court claim concerning inmate grievances; (7) a retaliation claim; (8) a claim under the Americans with Disabilities Act; (9) a conspiracy claim; (10) a Fifth Amendment claim; and (12) a "Patients' Bill of Rights Claim."

---

[1] With respect to these claims, the amended complaint does not substantially alter the allegations from the original complaint. Thus, for the reasons stated in the May 18, 2006 order, the plaintiffs will still be allowed to proceed on these claims.

2

By order of January 31, 2007, the court denied the plaintiffs' motion to reconsider its decision to dismiss a number of his claims but directed the plaintiff to file an amended complaint within 20 days in order to cure the deficiencies of his original complaint. The plaintiff filed an amended complaint on March 21, 2007, which was outside of the 20-day time period. Nevertheless, the court will accept the amended complaint, which is now the operative complaint in this action, and screen it pursuant to 28 U.S.C. § 1915A(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights

4

complaint).  Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado."  *Thomson*, 362 F.3d at 970.

## A.  Jail Conditions

The court notes that the events giving rise to the allegations in the amended complaint occurred when plaintiffs were pretrial detainees in the Kenosha County Jail. Thus, any claims they present concerning jail conditions arise under the Due Process Clause of the Fourteenth Amendment as opposed to the Cruel and Unusual Punishment Clause of the Eighth Amendment.   *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002). However, this distinction is immaterial since Eighth and Fourteenth Amendment conditions of confinement claims are analyzed under the same legal standard. *Whiting v. Marathon Co. Sheriff's Dep't,* 382 F.3d 700, 703 (7th Cir. 2004); *see also Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002) ("the protections for pretrial detainees are at least as great as the Eighth Amendment protections available to a convicted prisoner, and we frequently consider the standards to be analogous.") (internal citation and quotations omitted).  To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate "the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

5

Like they did in their original complaint, plaintiffs allege in the amended complaint that defendant Shimkus made inmates eat food off a dirty floor. In its order of May 18, 2006, the court determined that this allegation did not sufficiently state a constitutional claim because it did not rise to the level of a sufficiently serious deprivation as contemplated by the constitution. *Franklin v. Beth*, Case No. 05-C-916 (E.D. Wis. May 18, 2006) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (prison conditions cannot rise to the level of cruel and unusual punishment unless the conditions produce "the deprivation of a single, identifiable human need such as food, warmth, or exercise.")); and *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (only extreme deprivations will support an Eighth Amendment claim)). Because the amended complaint does not add anything new to this allegation, the plaintiffs have not cured the deficiencies noted in the May 18, 2006, order in connection with this claim. Thus, plaintiffs have failed to state a constitutional claim based on exposure to the dirty floor.

**B. Medical Care**

The plaintiffs allege that plaintiff Hart was denied medical care when he was not allowed to receive medication sent to him by the Veterans' Administration despite the fact that there is a policy in place that allows inmates to receive medication from outside sources. They maintain that the defendants "refuse[d] to replace or substitute these medications even after verifying and acknowledging Hart[']s need for these medications.

6

(Amended Complaint ¶40.) They allege that the defendants "ignored Hart's need for medication" and allow[ed] him to suffer intentionally as a form of punishment." *Id.*

When considering a pretrial detainee's claim of inadequate medical care, the analogous standards under the Eighth Amendment are often used. *Whiting,* 382 F.3d at 703. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (*citing Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976)). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer,* 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle*, 429 U.S. at 104-05; *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000).

The plaintiffs do not specify what medications were denied or what medical condition the medications related to. Thus, it is not clear whether Hart suffered from a serious medical need. However, he does allege that he was intentionally denied medication and that he suffered and was in pain as a result. District courts have been instructed that such doubts are to be construed in a *pro se* plaintiff's favor. *See Haines,* 404 U.S. at 520-21 (the court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction). Hence, Hart may proceed on a claim based on the denial of his medication.

7

### C. Excessive Force

Plaintiff Franklin avers that defendant Roger sneaked into his cell while he was sleeping and kicked him twice in the feet. He also alleges that Nurse Dale assisted defendant Roger by slamming the door shut when Roger ran out and that Nurse Dale knew he had nerve damage in his feet. Because Franklin was a pre-trial detainee at the time of the alleged events, his excessive force allegations are governed by the Due Process Clause. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)( "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."). Again, this distinction is immaterial since deliberate indifference is the applicable standard in § 1983 cases alleging excessive force by pre-trial detainees. *Proffitt v. Ridgway*, 279 F.3d 503, 506 (7th Cir. 2002); *see also Haas v. City of Milwaukee,* 2006 WL 1049624 (E.D. Wis. Apr. 18, 2006).

The Seventh Circuit has held that in determining whether a prison official acted with deliberate indifference, a factfinder may rely on objective factors. *Wilson v. Williams*, 83 F.3d 870, 876 (7th Cir. 1996)(in excessive force cases, a jury may properly rely on objective factors to arrive at the determination of intent). Generally, these factors include the need for an application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, the efforts made to temper the severity of a forceful response, and the extent of the injury suffered by the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619

8

(7th Cir. 2000). With respect to the last factor, "while significant injury is not required, a claim ordinarily cannot be predicated upon a *de minimus* use of physical force." *Hudson,* 503 U.S. at 9-10. Thus, "not every push or shove by a prison guard violated a prisoner's constitutional rights." *See id.* at 9 (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 [2d. Cir. 1973]).

In its order screening the original complaint, the court determined that this claim was lacking because Roger's act of kicking Franklin in the feet to wake him was a *de minimus* use of force that does not constitute cruel and unusual punishment. Nothing in his amended complaint cures this deficiency. Indeed, as stated previously, Franklin does not assert that he suffered a significant physical injury as a result of Roger's actions. *Franklin v. Beth*, Case No. 05-C-916 at 18 (E.D. Wis. May 18, 2006) (citing *Hudson,* 503 U.S. at 9-10). Moreover, there are no allegations in the amended complaint suggesting that this was more than an isolated incident. *See DeWalt,* 224 F.3d at 619 (a single and isolated act, such as a shove, unaccompanied by further use of force fails to state an excessive force claim). In light of the foregoing, Franklin has failed to allege facts sufficient to state a claim for excessive force.

**D. Failure to Protect Claim**

The plaintiffs maintain that when they are housed with INS inmates they have to defend themselves against attack. As previously noted, because the plaintiffs were pre-trial detainees at the time of the alleged events, their claim arises under the Fourteenth

9

Amendment Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. *Whiting,* 382 F.3d at 703. However, this distinction is of no consequence since deliberate indifference is the applicable standard in §1983 cases where a pre-trial detainees alleges that the defendants failed to protect him from harm by another prisoner. *See id*; *see also Floyd v. Nelson*, 2002 WL 1483896 (N.D. Ill. July 11, 2002).

The Eighth Amendment's Cruel and Unusual Punishment Clause imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To state a failure to protect claim, a plaintiff-inmate must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Farmer*, 511 U.S. at 834.

In this case, the plaintiffs have alleged that they are housed with INS inmates and that the defendants have failed to protect them from such inmates. They explain that the INS inmates "cause and engage in various degrees of battery" and that "plaintiffs are then charged with a new case and forced to accept plea bargains." (Amended Complaint ¶ 37.) Read liberally, plaintiff's new allegations in his amended complaint that the INS inmates have committed battery against them, constitutes a condition "posing a substantial risk of serious harm." *Id*. Thus, the plaintiffs have adequately stated a failure to protect claim.

10

**E.  Due Process**

The plaintiffs aver that the defendants violated plaintiff Franklin's due process rights when they forced him to receive a diabetic diet.  To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  A liberty interest exists when prison officials restrain the freedom of inmates in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id*. at 484.

As he did in the original complaint, plaintiff Franklin contends that he was forced to receive a diabetic diet against his will.  An inmate has an interest, protected by the Due Process Clause of the Fourteenth Amendment, in refusing unwanted medical treatment.  *Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261, 278-79 (1990) (a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment).  A regulation that impinges on this interest is valid only if it is reasonably related to legitimate penological interests.  *Turner v. Safley*, 482 U.S. 78, 87 (1987).  The amended pleading like the original complaint, does not allege that plaintiff Franklin received unwanted medical treatment.  Rather, it merely alleges that he was forced to eat a specific type of food.  Thus, he has failed to allege facts sufficient to state a due process claim based on a diabetic diet.

11

**F. Access to Courts**

The plaintiffs state that the defendants have refused to acknowledge the plaintiffs' prison grievances. Prisoners have a constitutional right of access to the courts and must be given a reasonably adequate opportunity to present their claims. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state an access to the courts claim, the plaintiffs must "make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (quoting *Ortloff v. United States*, 335 F.3d 652, 656 [7th Cir. 2003]).

This claim was originally found to be deficient by the court because the plaintiffs did nothing more than aver that their grievances were ignored and did not allege that wrongdoing by the defendants resulted in an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 353 n.4 (1996)(an access to the courts claim will fail absent identification of some injury linked to the deprivation).[2] The allegations in the amended complaint suffer from the same shortcomings. Hence, the plaintiffs' access to the courts claim must fail.

**G. Retaliation Claim**

The plaintiffs submit that defendant Doe threatened to pepper spray Franklin if he filed a grievance against him. (Amended Complaint ¶ 43.) Moreover, they allege that defendant Shimkus threatened to punish the plaintiffs if they filed a grievance against her.

---

[2]In fact, the plaintiffs submit that they have exhausted their "administrative remedies with regard to all specified complaints." (Amended Complaint ¶16).

(Amended Complaint ¶ 20.)  These are the same allegations advanced by plaintiffs in their original pleading which were dismissed.

A plaintiff must plead three elements in order to state a claim for retaliation: he must "specif[y] a retaliatory action;" he must name the appropriate defendants; and he must "assert[] a constitutionally protected activity, the exercise of which caused the . . . retaliatory action." *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).  The plaintiffs' amended allegations have not met this standard.  While they have specified the relevant defendants (Doe and Shimkus) and they have invoked their constitutional right to use the prison grievance procedures, they have not identified any retaliatory action.  *See id.* Therefore, at this stage, the plaintiffs' complaints are speculative in nature.  "The absence of an actual or imminent injury...deprive[s] federal courts of jurisdiction under Article III, which empowers the federal judiciary to decide 'cases' or 'controversies.'" *Marshall,* 445 F.3d at 969-970 .  Accordingly, the plaintiffs' amended complaint  fails to state a claim for retaliation.

**H.  Conspiracy**

The plaintiffs claim that defendant Preston "refused to allow Franklin to speak with the police concerning the obvious attack on Franklin by defendants.  This was an attempt to "cover-up the attack and pretend it never happened." (Amended Complaint ¶19.) It is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.  *Hoskins v.*

13

*Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *see also Walker v. Thompson,* 288 F.3d 1005 (7th Cir. 2002).

Here, the plaintiffs have failed to meet the requirements for a conspiracy claim. Although they have identified the general purpose (to cover up an attack) the plaintiffs' allegations are not clear as to which of the other defendants were involved in this alleged conspiracy nor have they given any indication as to when the alleged conspiracy occurred. Accordingly, the plaintiffs have failed to state facts sufficient to proceed on a conspiracy claim.

In sum, in addition to the claims upon which the plaintiffs were originally allowed to proceed (all of which have been recited in the amended complaint), the plaintiff may proceed on the following claims: (1) inadequate medical care claim based on the denial of his medication; and (2) a failure to protect claim. The remaining claims in the amended complaint are dismissed for the reasons set forth above.

## II. Plaintiff's Motion to Appoint Counsel

The plaintiffs have renewed their motion for appointment of counsel. As grounds for their request, the plaintiffs state: (1) they are indigent; (2) the legal issues in this case are complex; (3) plaintiff Franklin suffers from "bi-polar and anti-social disorder" and is therefore unable to investigate the facts and present his claims; and (4) plaintiff Franklin is going to be transferred to a different institution which will make it impossible to get both of the plaintiff's signatures on every motion or submission with the court.

14

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). However, the test is not whether a good lawyer would do a better job than the *pro se* litigant. *Farmer*, 990 F.2d at 323.

In this case, plaintiff Franklin has identified seven law firms that he personally contacted and plaintiff Hart has identified three attorneys that he contacted. They also state that they received "denials and disappointments" from those contacted. The defendants argue that plaintiff Hart's efforts to secure counsel were not reasonable because one of the attorneys contacted was Donald H. Carlson who is a senior partner of the law firm which represents the defendants. While it would not be reasonable for plaintiff Hart to contact Attorney Carlson after he was aware that Mr. Carlson's firm represented the plaintiff, the record does not reveal when Mr. Carlson was contacted by plaintiff Hart. Thus, it is possible

15

that plaintiff contacted Mr. Carlson before he filed the instant lawsuit or was aware of the involvement of Mr. Carlson's firm.

In the court's opinion, the plaintiffs have met the threshold requirement of showing that their efforts to secure counsel have been unsuccessful. However, the court does not believe that exceptional circumstances exist which justify the appointment of counsel in this case. While plaintiffs insist that plaintiff Franklin's mental health issues, namely his bi-polar and anti-social conditions, will interfere with his ability to litigate this case, such conditions have not been shown to be a problem to date. To the contrary, the pleadings filed by the plaintiffs have been coherent, comprehensive and include arguments which are typically supported by relevant case law. Indeed, the plaintiffs have successfully revived two previously dismissed claims by curing the deficiencies of their original pleading. Contrary to the plaintiffs' suggestion, mental illness on the part of the plaintiff does not automatically mean that the plaintiff is legally incompetent. *See Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995). Moreover, plaintiff Franklin's assertion that he may be hindered in his ability to litigate this case for his co-plaintiff, is not persuasive since Mr. Franklin is not permitted to represent another *pro se* plaintiff in this case. *See* 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir.1986).

Plaintiffs' claim that because many of their claims involve "medical situations" the case is too difficult for them to handle. Plaintiffs have been allowed to proceed on over ten claims. While three of these claims relate to the denial of medical care they are not

16

unusually complex. Further, at this point in the proceedings, the court is convinced that the plaintiffs are "as competent as any other average pro se litigant" to present his denial of medical care claims to the court. *See Hudson v. McHugh*, 148 F.3d 859, 862 (7th Cir. 1998); *see also King v. Frank*, 2005 WL 552165 *1 (W.D. Wis. Mar. 4, 2005) (recognizing that there is no per se rule requiring district courts to appoint counsel for pro se litigants raising claims of denial of medical or mental health care.)

   The plaintiff also argues that the appointment of counsel is justified in this case because it appears that he may be transferred from WCI to Columbia Correctional Institution which will make it "impossible for plaintiffs . . . to jointly sign or litigate anything." At present, the plaintiffs' assertion that Mr. Franklin may be transferred is speculative. While transferring Mr. Franklin to a different institution will place another burden on the plaintiffs in terms of litigating their action, plaintiffs in other multi-plaintiff cases have managed to jointly sign their documents despite the fact that they are in different institutions and the plaintiffs have not pointed to any prison regulation which prohibits them from corresponding and exchanging documents by mail. Furthermore, it was the plaintiffs who decided to jointly litigate this case with all the problems that joint litigation entails. Surely, it was within their contemplation that one or both would be transferred to different institutions at some point during the pendency of this lawsuit.

   At this point in the proceedings, the court finds that plaintiffs are capable of prosecuting this lawsuit and that the presence of counsel will not make a difference in the

17

outcome of the case. Hence, the plaintiffs' motion for the appointment of counsel will be denied.

### III. Defendants' Motion to Compel

Defendants seek to compel discovery . Specifically, the defendants would like the court to order the plaintiffs to provide answers to their written interrogatories and to respond to the defendants' request for production of documents both of which were dated September 18, 2006.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(2) and (3). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1). Despite the liberal breath of discovery permitted under the federal rules, the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993); and *West v. Miller*, 2006 WL 2349988 (N.D. Ill Aug. 11, 2006).

18

Although Fed. R. Civ. P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. *See* Civ. L.R. 37.1 (E.D. Wis.). If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." *Id.* If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

The record establishes that the parties have conferred in this matter. Specifically, by letter of October 31, 2006, the defendants informally attempted to resolve their differences but were unsuccessful. (Sarah Fry Bruch Affidavit ¶ 8, Exhs. C-E.) Thus, court intervention is appropriate.

The record reveals that defendants served on plaintiffs Interrogatories and Requests for Production of Documents dated September 18, 2006, in an effort to ascertain the basis of plaintiffs' claims. (Bruch Aff. Exhs. A and B.) The interrogatories requested the plaintiffs to provide the dates on which the incidents giving rise to their claims arose and any information regarding the injuries suffered as a result of the alleged events and any related claims for damages. The documents requested included all documents plaintiff may

19

rely on and intend to use at trial, and copies of grievances, request forms, receipts pertaining to alleged fraudulent medication charges, and requests for medical attention forms pertaining to the allegations of the complaint. (Bruch Aff. Exhs. A and B.) The defendants also requested copies of all reports explaining injuries claimed due to lack of medical attention, all requests for law books and legal materials and incident reports relating to disciplinary hearings involving defendant Sergeant Johnson as both the hearing and appeal examiner. (*Id.*)

The Request for Production of Documents to both of the plaintiffs set October 20, 2006, as the date for the appearance and the production of all original documents for inspection and photocopying at the WCI. Arrangements were made with the prison by the defendants for the production of documents and for a court reporter to make the necessary copies. The attorney for the defendants appeared at the WCI at the appointed times on October 20, 2006, but neither of the plaintiffs produced the documents requested on that date, nor have they done so since that time. Further, neither of the plaintiffs has provided answers to the interrogatories.

The plaintiffs do not dispute that the interrogatories and requests for production of documents sought relevant information. Rather, the only argument advanced by the plaintiffs in support of their refusal to comply with the discovery requests is that they were prohibited from complying with the discovery requests by a prison rule contained on page

20

23 of the Waupun Correctional Institution's Segregation Handbook which, according to the plaintiffs, provides:

> Attorney visits are to be held ion HSC Attorney Visiting Room. The attorney's [sic] should call the HSC O.O.A. to schedule a visit at (920)324-7267. Attorney visits are scheduled Monday through Friday (excluding holiday's) [sic] starting at 8:30 a.m. and must be completed by 9:45 a.m. and at 1:00 p.m. and completed by 2:45 p.m. these visits must be 'pre-approved' by the HSC O.O.A. PASSING OF LEGAL PAPERS TO THE INMATE OR HIS ATTORNEY IS NOT ALLOWED.

(Docket #50.) The plaintiffs have not provided the court with a copy of the purported prison rule but have merely cited what they believed to be the relevant portion of the rule.

Contrary to the plaintiffs' assertions, this rule concerns attorney visits which presumably take place between an inmate and his or her attorney. Nothing in the rule suggests that it applies when opposing counsel meets with an inmate in connection with a document production request that has been arranged, in advance, with the prison officials. Thus, this prison rule did not prohibit the plaintiffs from complying with the defendants' discovery requests. The plaintiffs have provided no other basis warranting their refusal to respond to the defendants' interrogatories or requests for production of documents. Therefore, the defendants' motion to compel discovery will be granted. The plaintiffs are advised that their failure to comply with this order compelling discovery may subject them to sanctions under Rule 37(b)(2), Federal Rules of Civil Procedure, including dismissal of their action.

21

The defendants' motion to compel also seeks an order directing plaintiff to pay the costs and attorneys' fees they incurred in filing their motion to compel. Pursuant to Rule 37(a)(4)(A), a party which successfully brings a motion to compel discovery may be awarded

> the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

"Rule 37(a)(4) is a fee-shifting rule." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1996). It "presumptively requires every loser to make good the victor's costs." *Id*. at 786. The Federal Rules of Civil Procedure and the Civil Local Rules are designed to facilitate the resolution of discovery disputes without the involvement of the court where possible. *See* Fed. R. Civ. P. 37; Civ. L. R. 37.1 (E.D. Wis.). In particular, the fee shifting provision of Fed. R. Civ. P. 37 targets discovery disputes by "encourag[ing] their voluntary resolution and curtail[ing] the ability of litigants to use legal processes to heap detriments on adversaries . . . without regard to the merits of the claim." *Rickels*, 33 F.3d at 787.

The plaintiffs' failure to provide the court with a valid justification for failing to respond to defendants' discovery requests or his alteration of the authorization forms weighs in favor of an award under Rule 37(a)(4)(A). *Pro se* parties may be assessed costs under Rule 37(a)(4). *See Rickels*, 33 F.3d at 786-88. However, the court finds that an award

22

of expenses at this time would be unjust because of plaintiffs' indigent status and the fact that their refusal to respond to the discovery requests was based on a misreading of a prison regulation. Therefore, defendants request for Rule 37 expenses will be denied.

**IT IS THEREFORE ORDERED** that, in addition to the claims upon which the plaintiffs were originally allowed to proceed (all of which have been recited in the amended complaint), the plaintiff may proceed on the following claims: (1) inadequate medical care claim based on the denial of his medication; and (2) a failure to protect claim. The remaining claims in the amended complaint are dismissed for failure to state a claim under 28 U.S.C. § 1915A(b).

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to appoint counsel (Doc. # 67) is **denied.**

**IT IS FURTHER ORDERED** that the defendants' motion to compel discovery (Doc. # 55) is **granted.**

**IT IS FURTHER ORDERED** that the plaintiffs' shall respond to defendants' Interrogatories and Requests for Production of Documents dated September 18, 2006, within 21 days of this decision and order.

**IT IS FURTHER ORDERED** that the defendants' request for Rule 37 expenses is **denied.**

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

24