# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HARRISON FRANKLIN,**
**and WAYNE HART,**

    **Plaintiffs,**

    **-vs-**    **Case No. 05-C-0916**

**DAVID BETH, et al.,**

    **Defendants.**

## DECISION AND ORDER

    Plaintiffs Harrison Franklin and Wayne Hart, who are presently confined at the Waupun Correctional Institution (WCI), filed this joint *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiffs' motion for reconsideration.

## I. BACKGROUND

    After screening the complaint as required by 28 U.S.C. § 1915A(a), the court determined that the plaintiffs' complaint sufficiently stated the following claims: (1) equal protection claims based on punishment and denial of legal books; (2) conditions of confinement claims relating to the denial of recreation, exposure to extreme temperatures and constant illumination resulting in sleep deprivation; (3) denial of medical care claims relating to plaintiff Hart's eye-glass needs and plaintiff Franklin's treatment needs for nerve damage

in his hands and feet; (4) due process claims pertaining to deprivations of property and liberty; (5) a First Amendment claim regarding the plaintiffs' legal mail; and (6) a claim that the plaintiffs were denied the opportunity to practice their religious beliefs in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. *Franklin v. Beth*, Case No. 05-C-916 (May 18, 2006). In this screening order, the court also dismissed a number of other claims that it determined were legally or factually deficient. *Id.*

Thereafter, the court allowed the plaintiffs to file an amended complaint to cure the deficiencies of their original pleading. The amended complaint was filed on March 21, 2007. By order of April 3, 2007, the court screened the amended complaint pursuant to 28 U.S.C. § 1915A(a) and allowed the plaintiffs to proceed on two additional claims: (1) an inadequate medical care claim based on the denial of plaintiff Hart's medication; and (2) a failure to protect claim. The court also determined that the following claims in the amended complaint were legally or factually deficient: (1) a claim that excessive force was used against plaintiff Franklin; (2) plaintiff Franklin's claim that he was forced to receive a diabetic diet in violation of his due process rights; (3) an access to courts claim; (4) a retaliation claim; and (5) a conspiracy claim.[1] In the April 3, 2007, order, the court also denied plaintiffs' motion for the appointment of counsel, granted defendants' motion to

---

[1] Each of the claims in the amended complaint that were found to be deficient had previously been advanced by the plaintiffs in the original complaint and also found to be lacking in the initial screening order.

2

compel discovery and directed plaintiffs to respond to defendants' Interrogatories and Requests for Production of Documents within 21 days of that decision and order. *Franklin v. Beth*, Case No. 05-C-916 (April 3, 2007). The plaintiffs presently seek reconsideration of the order of April 3, 2007, to the extent that it dismissed some of their claims and denied their motion for the appointment of counsel.

## II. MOTION FOR RECONSIDERATION

By seeking reconsideration of the April 3, 2007, order, the plaintiffs ask the court to revisit a non-final order adjudicating fewer than all of the claims in this action. Thus, the court construes the plaintiffs' request as a motion for reconsideration pursuant to Rule 54(b), Federal Rules of Civil Procedure. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any non-final decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8

3

(1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

**A. Dismissal of Claims in the Amended Complaint**

Plaintiffs find fault with the court's determination that the amended complaint failed to state a claim of excessive force, due process and conspiracy.

1. Excessive Force

In determining that plaintiffs' amended complaint failed to state a claim of excessive force , the court stated:

> In its order screening the original complaint, the court determined that this claim was lacking because Roger's act of kicking Franklin in the feet to wake him was a *de minimus* use of force that does not constitute cruel and unusual punishment. Nothing in his amended complaint cures this deficiency. Indeed, as stated previously, Franklin does not assert that he suffered a significant physical injury as a result of Roger's actions. *Franklin v. Beth*, Case No. 05-C-916 at 18 (E.D. Wis. May 18, 2006) (citing *Hudson,* 503 U.S. at 9-10). Moreover, there are no allegations in the amended complaint suggesting that this was more than an isolated incident. *See DeWalt,* 224 F.3d at 619 (a single and isolated act, such as a shove, unaccompanied by further use of force fails to state an excessive force claim). In light of the foregoing, Franklin has failed to allege facts sufficient to state a claim for excessive force.

*Franklin v. Beth*, Case No. 05-C-916 at 9 (E.D. Wis. April 3, 2007). Plaintiffs argue that this determination was based on an incorrect legal standard. Specifically, they maintain that the court should have applied the legal standard for deliberate indifference set forth in *Salazar v. City of Chicago*, 940 F.2d 233, 237-38 (7th Cir. 1991) and *City of Revere v. Mass. General*

4

*Hospital*, 463 U.S. 239, 244 (1983) rather than the standards identified in *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Proffitt v. Ridgway*, 279 F.3d 503, 506 (7th Cir. 2002) and *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). The plaintiffs' contention is without merit. *Salazar* and *City of Revere* involved the applicability of the deliberate indifference standard to claims alleging inadequate medical treatment not claims of excessive force, whereas *Hudson*, *Proffitt*, and *DeWalt* involved excessive force claims. Moreover, the plaintiffs have not pointed to any authority suggesting that the cases relied on by this court in analyzing their excessive force claim are no longer controlling authority. Thus, the correct legal standard was applied by the court in analyzing plaintiffs' excessive force claims.

Plaintiffs also maintain that the court misread the amended complaint when it determined that the allegations of excessive force described a single incident of *de minimus* force. Plaintiffs assert that the amended complaint "shows that other attacks . . . were all inflicted on Franklin after this attack . . . ." *See* Plaintiffs' Mot. for Recons. at 2. However, plaintiffs do not cite to any allegations in the amended complaint which support their contention. Indeed, a review of the amended complaint shows that plaintiffs refer to the incident in the singular as "the obvious attack," or "the attack." *See* Amended Compl. at 4-5 ¶¶ 19 and 25. Thus, plaintiffs have not shown that the court's finding that they had failed to state an excessive force claim was erroneous as a matter of law or fact.[2]

---

[2] To the extent that plaintiffs are again contending that they are able to cure the deficiencies of their pleading, they may file a motion seeking leave to file a second amended complaint along with a proposed second amended complaint. *See* Rule 15(a), Federal Rules of Civil Procedure; Civil Local Rule 15.1. Of course, the defendants would then have the

5

### 2. Due Process

In their amended complaint, plaintiff alleged that he was forced to eat a diabetic diet in violation of his due process rights. As noted in the April 3, 2007, order, an inmate has an interest, protected by the Due Process Clause of the Fourteenth Amendment, in refusing unwanted medical treatment. *Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261, 278-79 (1990) (a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment). In assessing plaintiffs' claim that Franklin was forced to eat a diabetic diet against his will, the court made the following determination:

> The amended pleading like the original complaint, does not allege that plaintiff Franklin received unwanted medical treatment. Rather, it merely alleges that he was forced to eat a specific type of food. Thus, he has failed to allege facts sufficient to state a due process claim based on a diabetic diet.

*Franklin v. Beth*, Case No. 05-C-916 at 11 (April 3, 2007).

Plaintiffs allege that this conclusion was erroneous as a matter of fact because the amended complaint specifically alleged that the diabetic diet was "medical treatment." The allegations of the amended pleading do not support plaintiffs' assertion. *See* Am. Complaint at ¶ 31. Even if the amended pleading contained such allegations, the plaintiffs do not point to any legal authority which calls into question the court's determination that

---

opportunity to oppose that motion.

being served a diabetic diet does not subject one to unwanted medical treatment. Hence, plaintiffs have not shown that the court's ruling was erroneous as a matter of law or fact.[3]

### 3. Conspiracy

With respect to plaintiffs' conspiracy claim, the court acknowledged that it is enough in pleading a conspiracy merely to indicate the parties, the general purpose, and the approximate date, so that the defendant has notice of what he is charged with. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *see also Walker v. Thompson,* 288 F.3d 1005 (7th Cir. 2002). However, in analyzing the allegations of the amended complaint, the court found that

> the plaintiffs have failed to meet the requirements for a conspiracy claim. Although they have identified the general purpose (to cover up an attack) the plaintiffs' allegations are not clear as to which of the other defendants were involved in this alleged conspiracy nor have they given any indication as to when the alleged conspiracy occurred. Accordingly, the plaintiffs have failed to state facts sufficient to proceed on a conspiracy claim.

*Franklin v. Beth,* Case No. 05-C-916 at 13-14 (E.D. Wis. April 3, 2007). Plaintiffs argue that, contrary to the court's determination, a conspiracy was sufficiently alleged. They contend that although it was not specifically stated in the complaint, the court should have been able to determine that the "defendants" who conspired together were defendants

---

[3] Other allegations in plaintiffs' amended complaint undercut the plaintiffs' contention that the diabetic diet served to Franklin was unwanted. Specifically, paragraph 26 of the amended complaint alleges that he was subject to punishment in violation of the constitution when he was *denied* a diabetic snack. (Doc. #69.)

7

Preston, Nurse Dale and C.O. Roger and that, with respect to the approximate date of the conspiracy, they will be able to "give the court exact dates of everything once the court orders discovery." Pls.' Brief in Support of Motion for Reconsideration at 3-4.

Plaintiffs have not presented newly discovered evidence nor have they shown that the court's April 3, 2007, Decision and Order contained a manifest error of law. Rather, the plaintiffs suggest that the court should reconsider its decision to dismiss their conspiracy claim because they can identify the parties to the conspiracy and, after discovery, they will be able to cure the other deficiencies of the complaint with respect to their conspiracy claim. These are not valid grounds warranting reconsideration of the court's April 3, 2007, order. To the extent that plaintiffs are contending that they are able to cure the deficiencies of the amended complaint, they can file a motion to amend the amended complaint in accordance with Rule 15, Federal Rules of Civil Procedure and Civil Local Rule 15.1.

For the reasons stated above, the court declines to reconsider its decision to dismiss plaintiffs' excessive force, due process and conspiracy claims as alleged in the amended complaint.

**B. Motion to Appoint Counsel**

The plaintiffs also seek reconsideration of the court's determination that they are not entitled to appointed counsel because they are capable of prosecuting this lawsuit on their own. Again, the plaintiffs have not presented newly discovered evidence nor have they shown that the court's decision to deny their motion to appoint counsel contained a manifest

8

error of law. Their arguments that plaintiff Franklin's mental health issues may interfere with his ability to litigate this case and that Franklin's impending transfer to another institution will hinder their ability to jointly prosecute this case have been previously rejected by this court. Motions to reconsider are not vehicles to re-litigate previously rejected arguments. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996)( "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Therefore, plaintiff's request to reconsider the denial of their motion for the appointment of counsel will be denied.

**C. Motion to Compel**

While plaintiffs refer to the defendants' motion to compel in their brief in support of their motion for reconsideration, they do not ask the court to reconsider its decision to grant the defendants' motion to compel. Rather, they merely identify a number of concerns they have with respect to their ability to comply with the defendants' discovery demands. Nevertheless, it appears that plaintiff's reference to the motion to compel in their brief prompted the clerk of court erroneously to include an entry on the docket for a motion to compel. (Docket #82.) Because the plaintiffs are not asking the court to compel discovery, the "Motion to Compel" will be dismissed, as moot.[4]

---

[4] Moreover, a review of the defendants' response to plaintiffs' motion for reconsideration reveals that the defendants provided possible solutions to plaintiffs' concerns. Because the deadline for responding to defendants' demands has passed, and the plaintiffs did not seek an extension of the 21 day deadline to comply with defendants' discovery requests, the court will

9

### III. SERVICE

By decision and order of April 30, 2007, the court noted that it appeared that defendants Nurse Dale and Visiting Nurses Association (VNA) had not been served in accordance with Rule 4, Federal Rules of Civil Procedure. Therefore, the court put the plaintiffs on notice that unless service of process was effected upon the VNA and Nurse Dale within 20 days after receipt of the order, the action as to those defendants would be dismissed, without prejudice, pursuant to Civil Local Rule 41.1 (E.D. Wis.).

On May 18, 2007, plaintiff Hart filed a letter with the court in which he stated that he served "Nurse Dale and the [VNA] with a copy of the Amended Complaint" by placing "2-copies of the Amended Complaint in an envelope addressed to the [VNA] and Nurse Dale." He further stated that such documents were sent "pre-paid by 'certified mail' to 5024 Green Bay Rd., Kenosha, Wisconsin 53144." In addition, he stated that a waiver of summons was executed by defendant "Dale Uhr" on June 17, 2006, and received by the United States Marshal on June 19, 2006.

As to defendant Nurse Dale, it now appears that this defendant was served pursuant to Rule 4 in a timely manner. Specifically, the file shows that Nurse Dale executed a waiver of service of summons on June 17, 2006, pursuant to which he was required to serve an answer or motion under Rule 12, Federal Rules of Civil Procedure, within 60 days of June 6, 2006. *See* Fed. R. Civ. P. 12(a)(1)(B). However, to date, Nurse Dale has not filed an

---

assume that the plaintiffs complied with those discovery requests.

answer or motion under Rule 12, and the time in which to do so has expired. Therefore, the plaintiffs will be directed to notify the court, on or before July 13, 2007, what steps they will take to continue prosecuting this action against Nurse Dale. If they intend to seek the entry of default and a default judgment against this defendant pursuant to Rule 55(b), Federal Rules of Civil Procedure, they must do so on or before July 13, 2007.

With respect to the VNA, it does not appear that this defendant was ever served in accordance with Rule 4(c), Federal Rules of Civil Procedure, which requires that a defendant be served with a summons and the complaint. While plaintiff Hart states in his letter of May 18, 2007, that he sent a copy of the amended complaint (which is now the operative complaint in this case) to the VNA by certified mail, this does not constitute valid service under Rule 4 because it does not establish that the VNA was ever served with a summons or the original complaint within 120 days of the filing of the complaint on May 18, 2006. *See Franklin v. Beth*, Case No. 05-C-916 at 2 (April 20, 2007) (In *pro se* prisoner cases, the complaint will be considered filed once it is screened.). Furthermore, the copy of the amended complaint that plaintiffs purportedly mailed to Nurse Dale and the VNA is not a copy of the amended complaint that plaintiffs were permitted to file. Unlike the original amended pleading, the copy mailed to these defendants is typed and contains various differences in the wording of the allegations.

Although the plaintiffs are not proceeding *in forma pauperis*, the court nonetheless ordered the United States Marshal to serve the defendants, including the VNA,

11

in its screening order of May 18, 2006. (Docket No. 11.) By letter of May 23, 2006, the clerk of court informed the plaintiffs that the address for the VNA was needed in order to serve a service packet upon that defendant pursuant to Rule 4. There is nothing in the record which demonstrates that the plaintiffs provided the clerk's office with this address, and plaintiffs have not provided the court with any justification for their failure to do so.

The Seventh Circuit has ruled that an inmate has an obligation to provide sufficient information to identify a defendant when service is to be made by the Marshals Service. *See Graham v. Satkoski*, 51 F.3d 710, 712-13 (7th Cir. 1995). The Marshals Service then has the obligation to make reasonable efforts to find out the defendant's present address, and effect service on that information. *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). The prisoner may rely on the Marshals Service to serve process, and the failure on the part of the Marshals Service to complete service is automatically "good cause" to extend time for service under Rule 4(m). *Graham*, 51 F.3d at 713 (citing *Sellers*, 902 F.2d at 602.)

While the plaintiff did not provide the requested address of the VNA, there is no evidence in the record establishing that the Marshals Service made any attempts to locate that defendant on its own despite being directed by this court to serve that defendant. In light of the above, the failure on the part of the Marshals Service to serve defendant VNA constitutes good cause for purposes of Rule 4(m).

12

Plaintiff Hart stated in his May 18, 2007, letter that the address for the VNA is "5024 Green Bay Rd., Kenosha, Wisconsin 53144." Therefore, the court will extend the deadline to effect service of process upon defendant VNA at this address to July 13, 2007.

**IT IS THEREFORE ORDERED** that the plaintiffs' Motion for Reconsideration (Doc. #82) is **DENIED**.

**IT IS FURTHER ORDERED** that the "Motion to Compel" (Doc. #82) is **DISMISSED, AS MOOT**.

**IT IS FURTHER ORDERED** the plaintiffs are directed to notify the court, in writing, on or before July 13, 2007, what steps they will take to continue prosecuting this action against Nurse Dale. If they intend to seek the entry of default and a default judgment against this defendant pursuant to Rule 55(b), Federal Rules of Civil Procedure, they must do so on or before July 13, 2007.

**IT IS FURTHER ORDERED** that the deadline to effect service of process upon defendant VNA is extended to July 13, 2007, pursuant to Rule 4(m), Federal Rules of Civil Procedure. The United States Marshal is directed to serve defendant VNA at the address provided by plaintiff Hart as set forth herein. If the VNA refuses to accept service by mail, personal service must be effected in conformity with Rule 4 of the Federal Rules of Civil Procedure.

13

Dated at Milwaukee, Wisconsin, this 13th day of June, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**