# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HARRISON FRANKLIN,
and WAYNE HART,

                Plaintiffs,

      -vs-                                      Case No.   05-C-0916

DAVID BETH, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiffs Harrison Franklin and Wayne Hart, who are presently confined at the Waupun Correctional Institution (WCI), filed this joint *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court are the following motions: (1) Plaintiffs' "Motion for Request of Counsel" (Doc. #88); (2) Plaintiffs' motion for "Order Extending [D]iscovery [R]equest Deadline" (Doc. #90); (3) Plaintiffs' "Motion of Leave to File [Second] Amended Complaint" (Doc. #92); (4) Defendants' "Motion for Sanctions" (Doc. #94) and (5) Defendant Dale Uhr's letter request to hold plaintiffs' motion for default judgment in Abeyance (Doc. #112). Also pending before the court are the plaintiffs' "Motion for Entry of Default" and "Motion for Default Judgment as to Nurse Dale" (Doc. #89), but these motions will not be addressed in this order as they are not fully briefed.

## I. PLAINTIFF'S REQUEST FOR COUNSEL

On June 25, 2007, the plaintiffs filed their third motion for the appointment of counsel.[1] Most recently, by order of April 3, 2007, the court denied the plaintiffs' second motion for the appointment of counsel on the ground that the exceptional circumstances which justify the appointment of counsel did not exist in this case. In so concluding, the court rejected plaintiffs' argument that plaintiff Franklin's mental health issues, namely his bipolar and anti-social conditions, would interfere with his ability to litigate this case and noted that "the pleadings filed by the plaintiffs have been coherent, comprehensive and include arguments which are typically supported by relevant case law." Order of April 3, 2007 at 16 (Doc. #74). The court also found no merit in the plaintiffs' assertion that the case was too difficult for them because many of their claims involve "medical situations" noting that only three of their ten claims relate to the denial of medical care and such claims were not unusually complex. In addition, this court found that the plaintiffs are "as competent as any other average pro se litigant" to present their denial of medical care claims to the court. *See* Order of April 3, 2007 at 17 (citing *Hudson v. McHugh*, 148 F.3d 859, 862 (7th Cir. 1998)); *see also King v. Frank*, 2005 WL 552165 *1 (W.D. Wis. Mar. 4, 2005) (recognizing

---

[1] The court notes that, with respect to most, if not all, of the plaintiffs' motions, the plaintiffs assert that they have mailed copies to "Assistant Attorney General Corey Finkelmeyer . . . for the defendant's [sic] records. However, the defendants are not represented by the Attorney General's Office. Rather, they are represented by the law firm of Crivello Carlson & Mentkowski, S.C.. Plaintiffs are advised that the court will disregard any future submissions that are not mailed to the attorney of record for the defendants.

2

that there is no *per se* rule requiring district courts to appoint counsel for *pro se* litigants raising claims of denial of medical or mental health care.)

In the instant motion, the plaintiffs again urge the court to appoint counsel on the ground that "they have limited knowledge of litigating any kinds of claims because their handicaps and lack of knowledge in civil procedure . . . ." Plaintiff's Motion for Request of Counsel at 1. Limited knowledge of the law is not, without more, a justification for the appointment counsel. If it was, counsel would be appointed in virtually every civil case involving a *pro se* plaintiff. That approach would wipe away the requirement that exceptional circumstances exist in order for the court to appoint counsel in civil cases. Moreover, the plaintiffs' arguments in their most recent motion seeking counsel are nothing more than a rehashing of the arguments which have already been rejected by this court. The plaintiffs have not identified any changed circumstances justifying their renewed motion. For these reasons, the plaintiffs' motion for the appointment of counsel will be denied.

## II. PLAINTIFFS' MOTION FOR ORDER EXTENDING DISCOVERY DEADLINE REQUEST

On April 3, 2007, the court ordered the plaintiffs to respond to the defendants' Interrogatories and Requests for Production of Documents dated September 18, 2006, within 21 days. On June 22, 2007, the plaintiffs filed a motion seeking a 60-day extension of the April 24, 2007, deadline. Because more than 60 days have already passed since April 24, 2007, the plaintiffs' motion for a 60-day extension of the April 24, 2007, deadline will be dismissed, as moot.

3

### III. MOTION FOR SANCTIONS

All of the defendants, except for the Visiting Nurses Association and Nurse Dale, have filed a motion for sanctions under Rule 37(b)(2), Federal Rules of Civil Procedure on the ground that the plaintiffs failed to comply with the court's order of April 3, 2007, which compelled them to respond to their Interrogatories and Requests for Production of Documents, dated September 18, 2006. As a sanction, the defendants seek dismissal of the plaintiffs' claims, or, in the alternative, a stay of further proceedings and the "costs, disbursements and fees incurred in making the motion, including attorney's fees," pursuant to Rule 37(b)(2).

Rule 37(b)(2), Federal Rules of Civil Procedure, authorizes a court to impose a variety of sanctions up to and including dismissal where a party "fails to obey an order to provide or permit discovery." Nevertheless, dismissal is a harsh sanction, and it should be used in limited circumstances. *Maynard v. Nygren*, 332 F.3d 462 (7th Cir. 2003); *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). Dismissal is proper where the offending party has displayed willfulness, bad faith or fault. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). However, the district court need not impose lesser sanctions before resorting to dismissal. *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994).

It is undisputed that when the defendants filed their motion for sanctions on July 13, 2007, the plaintiffs had not complied with the court's order of April 3, 2007, directing them to respond to the defendants' interrogatories and requests for production of

4

documents. However, by letter of August 10, 2007, the plaintiffs stated that they satisfied the defendants' discovery demands and sent 46 documents to the court reporter for copies to be made as directed by the defendants.[2] (Doc. #115.)

Although belated, it appears that the plaintiffs have taken steps to comply with the court's order, and I do not believe that the plaintiffs' tardiness, on its own, warrants the extreme sanction of dismissal or a monetary sanction. Nevertheless, the court is troubled by the fact that it is unclear from the letter that plaintiffs have fully complied with the court's April 3, 2007, order. In particular, the correspondence does not specifically state that the plaintiffs answered the defendants' interrogatories and, to date, the defendants have not filed a response to the plaintiffs' letter.

While the court believes that the best exercise of discretion requires that the defendants' motion for sanctions be denied, at this time, the defendants are advised that if the discovery response to which the plaintiffs refer in their letter of August 8, 2007, did not fully comply with the defendants' discovery demands of September 18, 2006, (and, therefore, the court's order of April 3, 2007) the defendants may renew their motion for sanctions. Such motion, if made, must identify the deficiencies with sufficient detail. The court has been more than patient with the *pro se* plaintiffs' repeated failure to respond to discovery

---

[2] This letter was filed with the court after the defendants' motion for sanctions was fully briefed.

5

requests that were made almost one year ago. It cannot promise that same level of patience if faced with another motion for sanctions under Rule 37(b)(2) from the defendants.

### IV. MOTION TO FILE SECOND AMENDED COMPLAINT

The plaintiffs have filed a motion seeking leave to file a second amended complaint in order to "cure the deficiencies of the first amended complaint." Motion for Leave to File at 1 (Doc. #92). The background of this case shows that the plaintiffs have had many opportunities to cure the deficiencies of their pleadings. After screening the original complaint as required by 28 U.S.C. § 1915A(a), the court determined that it sufficiently stated the following claims: (1) equal protection claims based on punishment and denial of legal books; (2) conditions of confinement claims relating to the denial of recreation, exposure to extreme temperatures and constant illumination resulting in sleep deprivation; (3) denial of medical care claims relating to plaintiff Hart's eye-glass needs and plaintiff Franklin's treatment needs for nerve damage in his hands and feet; (4) due process claims pertaining to deprivations of property and liberty; (5) a First Amendment claim regarding the plaintiffs' legal mail; and (6) a claim that the plaintiffs were denied the opportunity to practice their religious beliefs in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. *Franklin v. Beth*, Case No. 05-C-916 (E.D. Wis. May 18, 2006). In that screening order, the court also dismissed a number of other claims that were legally or factually deficient. *Id.*

6

Case 2:05-cv-00916-RTR    Filed 08/28/07    Page 6 of 17    Document 116

Thereafter, the court considered plaintiffs' motion for reconsideration and allowed the plaintiffs to file an amended complaint (the "first amended complaint") to cure the deficiencies of their original pleading. *Franklin v. Beth*, Case No. 05-C-916 (E.D. Wis. Jan. 31, 2007). The amended complaint was filed on March 21, 2007. By order of April 3, 2007, the court screened the amended complaint pursuant to 28 U.S.C. § 1915A(a) and allowed the plaintiffs to proceed on two additional claims: (1) an inadequate medical care claim based on the denial of plaintiff Hart's medication; and (2) a failure to protect claim. The court also determined that the following claims in the amended complaint were legally or factually deficient: (1) a claim that excessive force was used against plaintiff Franklin; (2) a claim that defendant Franklin was forced to receive a diabetic diet in violation of his due process rights; (3) an access to courts claim; (4) a retaliation claim; and (5) a conspiracy claim.[3] *Franklin v. Beth*, Case No. 05-C-916 (E.D. Wis. Apr. 3, 2007).

The plaintiffs then sought reconsideration of the order of April 3, 2007, to the extent that it dismissed his excessive force, due process and conspiracy claims. By order of June 13, 2007, the court denied the plaintiffs' motion for reconsideration. The plaintiffs now seek to file a second amended complaint to cure the deficiencies noted in the April 3, 2007, order with respect to their excessive force, due process and conspiracy claims.

---

[3] Each of the claims in the amended complaint that were found to be deficient had previously been advanced by the plaintiffs in the original complaint and also found to be lacking in the initial screening order.

7

Leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The defendants oppose the plaintiffs' motion on the ground that the plaintiffs have been given several opportunities to amend, more than two years have passed since the original complaint has been filed, and the plaintiff has repeatedly failed to cure deficiencies.

Denial of the plaintiffs' motion to amend is warranted because, counting the plaintiffs' most recent motion for reconsideration, the plaintiffs have already unsuccessfully attempted to cure the noted deficiencies on two prior occasions, the action has been pending for over two years, and their present attempts to cure the deficiencies are insufficient. With respect to the plaintiffs' claim that he was subjected to excessive force, the court determined that the first amended complaint failed to state a claim of excessive force, and stated:

> In its order screening the original complaint, the court determined that this claim was lacking because Roger's act of kicking Franklin in the feet to wake him was a *de minimus* use of force that does not constitute cruel and unusual punishment. Nothing in his amended complaint cures this deficiency. Indeed, as stated previously, Franklin does not assert that he

8

> suffered a significant physical injury as a result of Roger's actions. *Franklin v. Beth*, Case No. 05-C-916 at 18 (E.D. Wis. May 18, 2006) (citing *Hudson,* 503 U.S. at 9-10). Moreover, there are no allegations in the amended complaint suggesting that this was more than an isolated incident. *See DeWalt,* 224 F.3d at 619 (a single and isolated act, such as a shove, unaccompanied by further use of force fails to state an excessive force claim). In light of the foregoing, Franklin has failed to allege facts sufficient to state a claim for excessive force.

*Franklin v. Beth*, Case No. 05-C-916 at 9 (E.D. Wis. April 3, 2007)

A review of the proposed second amended complaint reveals that such pleading continues to describe a single incident of *de minimus* force. For instance, the pleading alleges that plaintiff Franklin was kicked in the feet by "C/O Roger" and that "the attack" occurred on or about May 26, 2005. Proposed Second Amended Complaint at ¶ 29 (Doc. #92-2). They also allege that "the attack" was instituted by Nurse Dale. *Id.* at ¶ 30. Further, the allegations of the proposed second amended complaint do not suggest that any significant physical injury occurred as a result of the attack. While the plaintiffs allege that the attack caused plaintiff Franklin to suffer "extreme" amounts of pain to his feet, he also alleges that he suffered severe pain, swelling and nerve damage to his feet prior to the incident as a result of "diabetic nuropthy [sic]." *Id.* at ¶¶ 25 and 34. Thus, the court does not believe that the plaintiffs' proposed second amended complaint cures the deficiencies of the original pleadings with respect to defendant Franklin's excessive force claim.

As to plaintiff Franklin's due process claim, the first amended complaint alleged that he was forced to eat a diabetic diet in violation of his due process rights. The

9

court noted in the April 3, 2007, order, that an inmate has an interest, protected by the Due Process Clause of the Fourteenth Amendment, in refusing unwanted medical treatment. *Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261, 278-79 (1990) (a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment). In assessing plaintiffs' claim that Franklin was forced to eat a diabetic diet against his will, the court made the following determination:

> The amended pleading like the original complaint, does not allege that plaintiff Franklin received unwanted medical treatment. Rather, it merely alleges that he was forced to eat a specific type of food. Thus, he has failed to allege facts sufficient to state a due process claim based on a diabetic diet.

*Franklin v. Beth*, Case No. 05-C-916 at 11 (April 3, 2007). The proposed second amended complaint alleges nothing different than the first amended complaint. Further, the plaintiffs allegations that he was denied "specific parts of the diet (snack-bag) as further punishment" undercut Franklin's assertion that the diabetic diet was "unwanted. *Id.* at ¶ 35 and 44.

Finally, with respect to analyzing the sufficiency of the plaintiffs' conspiracy claim, the court acknowledged that it is enough in pleading a conspiracy merely to indicate the parties, the general purpose, and the approximate date, so that the defendant has notice of what he is charged with. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *see also Walker v. Thompson,* 288 F.3d 1005 (7th Cir. 2002). When analyzing the allegations of the first amended complaint, the court found that

> the plaintiffs have failed to meet the requirements for a conspiracy claim. Although they have identified the general

10

> purpose (to cover up an attack) the plaintiffs' allegations are not clear as to which of the other defendants were involved in this alleged conspiracy nor have they given any indication as to when the alleged conspiracy occurred. Accordingly, the plaintiffs have failed to state facts sufficient to proceed on a conspiracy claim.

*Franklin v. Beth,* Case No. 05-C-916 at 13-14 (E.D. Wis. April 3, 2007). The plaintiffs attempt to cure the noted deficiencies by alleging in the proposed amended complaint that "[m]embers of the conspiracy included all named and unnamed defendants" and that the time of the alleged conspiracy was the "entire time that Franklin was incarcerated at the KCJ." *Id.* at ¶ 40. The court does not believe that these ill-defined allegations give the defendants sufficient notice of what they are charged with as required under Rule 8, Federal Rules of Civil Procedure. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Hence, the plaintiffs proposed second amended complaint does not adequately cure the noted deficiencies of plaintiffs' conspiracy claim.

Accordingly, for the reasons set forth above, the plaintiffs' motion for leave to file a second amended complaint will be denied.

## V. DEFENDANT DALE UHR'S LETTER REQUEST TO HOLD PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT IN ABEYANCE

By decision and order of April 30, 2007, the court noted that defendant Nurse Dale was served pursuant to Rule 4 in a timely manner, but that he had not filed an answer or motion under Rule 12, and the time in which to do so has expired. As a result, the court directed the plaintiffs to notify the court, on or before July 13, 2007, what steps they would

11

take to continue prosecuting this action against Nurse Dale. If they intended to seek the entry of default and a default judgment against this defendant pursuant to Rule 55(b), Federal Rules of Civil Procedure, they were required to do so on or before July 13, 2007. In accordance with the court's order, the plaintiffs filed a motion for entry of default and a motion for default judgment (the "default motions") against defendant Nurse Dale on June 22, 2007.

Thereafter, on July 30, 2007, Nurse "Dale Uhr" filed an answer to the original complaint and an answer to the first amended complaint along with a letter request that the motion for default and for entry of default be held in abeyance until the attorney for Nurse Dale Uhr, who had just been retained the prior week, was able to further investigate the matter and review the entire record. *See* Letter of July 30, 2007 (Doc. #112.) In addition, counsel for Defendant Nurse Dale Uhr indicated that he would be out of town for a previously scheduled vacation for one week.

The court interprets defendant Nurse Dale Uhr's request to hold the default motions in abeyance as a request for an extension of time to file a response to those motions. The court will grant that request. Defendant Nurse Dale Uhr will be directed to serve and file his response to the plaintiffs' default motions no later than September 20, 2007. The plaintiffs' reply must be served and filed no later than October 4, 2007.

**IT IS THEREFORE ORDERED** that the plaintiffs' "Motion for Request of Counsel" (Doc. #88) is **DENIED**.

12

**IT IS FURTHER ORDERED** that the plaintiffs' motion for "Order Extending Discovery Request Deadline" (Doc. #90) is **DISMISSED, AS MOOT**.

**IT IS FURTHER ORDERED** the defendants' "Motion for Sanctions" (Doc. #94) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' "Motion of Leave to File [Second] Amended Complaint" (Doc. #92) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Nurse Dale Uhr's letter request to hold the default motions in abeyance is construed as a motion for an extension of time to file a response to plaintiffs' default motions and is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Nurse Dale Uhr is directed to serve and file his response to the plaintiffs' default motions no later than **September 20, 2007.** The plaintiffs' reply must be served and filed no later than **October 4, 2007.**

**IT IS FURTHER ORDERED** that to expedite a resolution of this case, the parties shall comply with the following scheduling order:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **January 4, 2008.**

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiffs and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than

13

**February 1, 2008**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Civil Local Rule 7.1 (E.D. Wis.) are included with this order.

If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The plaintiffs are advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiffs may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiffs are further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed. R. Civ. P. (5(a), a copy of **every** paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**

14

**Civil L.R. 7.1 Motion Practice**

(a)     Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

(b)     On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion. The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

(c)     On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

(d)     All filings under this must indicate the date and method of service. On a showing of good cause, the Court may extend the time for filing of any brief. Failure to file a timely brief shall be deemed a waiver of the right to submit it. All papers served under this rule must be filed promptly. (See Fed. R. Civ. P. 5(d).)

(e)     Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

(f)     Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes. A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.

**Rule 56. Summary Judgment**

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affi-davits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interro-gatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse

party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may such other order as is just.

(g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)